UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
LEONOR CHAVEZ,

       Plaintiff,

   -against-

SALLY JEWELL, Secretary U.S. Department
of the Interior,

       Defendant.
----------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM OF DECISION AND ORDER**
16-CV-2572 (LDH) (RER)

LaSHANN DeARCY HALL, United States District Judge.

  Plaintiff Leonor Chavez, brings this *pro se* action and asserts federal claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("the ADEA"). Plaintiff also asserts state-law claims under New York State and City Human Rights Laws.

  The United States District Court for the Southern District of New York transferred the action to this Court by order dated May 20, 2016. Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 is hereby granted. For the reasons stated below, plaintiff is granted leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order.

## BACKGROUND

  Plaintiff utilizes an employment discrimination form supplied by the Southern District of New York, in order to submit her complaint. She alleges claims of race, sex, national origin, and age discrimination arising from her failure to be hired for the position as a Biological Science Technician assigned to the Jamaica Bay Wildlife Refuge in Broad Channel, Queens

1

County, New York. Plaintiff's complaint alleges no facts in support of her claims, she simply refers to a decision by the Equal Employment Opportunity Commission ("EEOC"), dated September 4, 2015, which held that plaintiff "failed to prove illegal employment discrimination as alleged in the administrative complaint." (*See* EEOC decision dated Sept. 4, 2015, annexed to Compl., at 15, ECF No. 2.)[1] In her current complaint, plaintiff now seeks monetary damages.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191-92 (2d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

At the pleadings stage of the proceedings, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch*

---

[1] The Court may consider administrative filings and decisions, such as the EEOC charge and decision, as "they are public documents filed in state administrative proceedings, as well as because they are integral to plaintiff's claims." *Morris v. David Lerner Assocs.,* 680 F. Supp. 2d 430, 436 (E.D.N.Y. 2010).

*Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citations omitted). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

The plausibility standard does not impose an across-the-board, heightened fact pleading standard. *See Boykin v. KeyCorp,* 521 F.3d 202, 213 (2d Cir. 2008). The plausibility standard does not "require[ ] a complaint to include specific evidence [or] factual allegations in addition to those required by Rule 8." *Arista Records, LLC v. Doe 3,* 604 F.3d 110, 119 (2d Cir. 2010). However, the plausibility standard does impose some burden to make factual allegations supporting a claim for relief. As the *Iqbal* court explained, it "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. 678 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

## DISCUSSION

### I. Sufficiency of the Pleading

#### A. Federal Rule of Civil Procedure 8 Pleading Requirements

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that she has adequate notice of the claims against her. *See Iqbal*, 556 U.S. 678. A pleading that only "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 558) (alteration in original). Plaintiffs must provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiff is complaining about and to know

whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555 (noting Rule 8 requires a pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A court may dismiss a complaint that is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988).

Here, as previously noted, plaintiff's complaint is devoid of any facts in support of her discrimination claim. Moreover, even taking judicial notice of the EEOC decision that plaintiff attached to her complaint, the basis for plaintiff's discrimination claim remains unclear.

### B. Title VII and the ADEA

Plaintiff's complaint fails to allege facts sufficient to state a cause of action for employment discrimination under Title VII and the ADEA. Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A plaintiff asserting a Title VII discrimination claim must allege facts showing that "(1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision," which can be shown "by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Vega v. Hempstead Union Sch. Dist.,* 801 F.3d 72, 87 (2d Cir. 2015); *see also Jones v. Target Corp.*, No. 15 CV 4672, 2016 WL 50779, at *2 (E.D.N.Y. Jan. 4, 2016). Here, the factual basis of plaintiff's Title VII complaint is unclear. She fails to plead any facts is support of her claim that defendant discriminated against her because of her race, color, religion, sex, or national origin.

4

Additionally, the ADEA establishes that it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In order to establish a prima facie case of age discrimination in violation of the ADEA, plaintiff must show: "(1) that she was within the protected age group; (2) that she was qualified for the position; (3) that she experienced adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination." *See Gorzynski v. Jet Blue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010) (citing *Carlton v. Mystic Transp. Inc.,* 202 F.3d 129, 134 (2d Cir. 2000)).

In support of her ADEA age discrimination claim, plaintiff simply checks the box on the employment discrimination form which indicates that defendant discriminated against her based on her age and she supplies her date of birth. At a minimum, an ADEA claimant must inform the Court and the defendant why she believes age discrimination existed. *See Dugan v. Martin Marietta Aerospace,* 760 F.2d 397, 399 (2d Cir. 1985) ("While a claim made under the ADEA need not contain every supporting detail, it must at least inform the court and the defendant generally of the reasons the plaintiff believes age discrimination has been practiced."); *Gallop-Laverpool v. 1199 SEIU United Healthcare Workers East*, No. 14 CV 2879, 2014 WL 3897588, at *2 (E.D.N.Y. Aug. 8, 2014) (same). Here, plaintiff simply asserts, without further elaboration, that she is more than 40 years of age.

Although at the pleading stage a plaintiff is not required to establish discrimination, she must plausibly allege a claim upon which relief can be granted. *See Vega v. Hempstead Union Sch. Dist.,* 801 F.3d at 86-87. Even under the most liberal construction of plaintiff's allegations,

she provides no facts that could possibly connect any adverse employment action to a protected status. *See Littlejohn v. City of New York*, 795 F.3d at 310 (explaining an employment discrimination complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face); *Ruston v. Town Board of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("Under *Iqbal,* factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief" (quoting *Iqbal*, 556 U.S. at 681)).

**C. State and City Claims**

To the extent plaintiff attempts to allege that defendant violated the New York State and City Human Rights Laws, those claims must be also dismissed. "It is well settled that Title VII is the exclusive remedy for discrimination based on race, color, religion, sex, and national origin in federal employment" and "the ADEA is the exclusive remedy for age discrimination in federal employment." *Ercole v. LaHood*, No. 07 CV 2049, 2011 WL 1205137, at *15 (E.D.N.Y. Mar. 29, 2011), *aff'd*, 472 Fed. Appx. 47 (2d Cir. 2012) (summary order). Accordingly, such claims are dismissed.

**CONCLUSION**

Plaintiff is granted thirty (30) days leave to file an amended complaint. *See Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000) (vacating dismissal of pro se complaint and "instruct[ing] the district court to entertain any timely motion for amendment of the complaint"). Should plaintiff have a basis for a claim of employment discrimination, she should provide facts in support of such a claim. Plaintiff is instructed that her amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure and it must plead "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570; *see also Littlejohn*, 795 F.3d at

309. If available, plaintiff should include a copy of the charge of discrimination that she filed with the EEOC.

The Clerk of Court shall include a form complaint for employment discrimination. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as assigned to this Order. No summons shall issue at this time and all further proceedings shall be stayed for 30 days or until further order of the Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_S/LDH_____
LaSHANN DeARCY HALL
United States District Judge
Eastern District of New York

Dated: Brooklyn, New York
      June 10, 2016